1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                    **EASTERN DISTRICT OF CALIFORNIA**

6

7   **SUAVECITA BERNAL, individually, and**          **CASE NO. 1:20-CV-1045 AWI EPG**
    **on behalf of other members of the general**
8   **public similarly situated,**

9                         **Plaintiff,**                  **ORDER ON REQUEST FOR**
                                                         **DISMISSAL AND APPROVAL OF**
10                       **v.**                           **SETTLEMENT**

11  **GRAHAM PACKAGING PET**                           (Doc. No. 17)
    **TECHNOLOGIES INC., et al.,**
12
                          **Defendants**
13

14

15

16      This is a labor related dispute between Plaintiff Suavecita Bernal and her former employer

17  Graham Packaging, Inc., *et al.*  Bernal  alleges multiple violations of the California Labor Code,

18  the California Business & Professions Code, and one claim under California Labor Gov. Code §

19  2698 a.k.a. the Private Attorney General Act ("PAGA") based on violations of other Labor Code

20  provisions.  The parties have filed a stipulation with the Court in which they explain a settlement

21  has been reached and request that the Court dismiss all of Plaintiff's claims and approve the

22  settlement for purposes of PAGA.

23      In relevant part, the parties represent that they signed a non-PAGA settlement agreement

24  whereby all of Plaintiff's individual claims (be they alleged, known, or undiscovered) have settled

25  for approximately $25,000.00, inclusive of attorney's fees.  See Doc. No. 14.  No payment of any

26  kind appears to have been agreed with respect to the PAGA cause of action.  However, the parties

27  state that Plaintiff has agreed to waive her ability to recover in her capacity as an affected

28  employee under PAGA.  See id.  The parties request that the Court approve the settlement, dismiss

1  Plaintiff's PAGA claim with prejudice with respect to her individual capacity as an affected

2  employee, and dismiss the PAGA claims of all other potential claimants without prejudice.  See

3  id.

4        PAGA actions are in the nature of *qui tam* claims in which a private party acts as a proxy

5  for the State of California.  Sakkab v. Luxottica Retail N. Am., 803 F.3d 425, 435-36 (9th Cir.

6  2015).  In relevant part, PAGA requires that a court "review and approve any settlement of any

7  civil action filed pursuant to [Cal. Labor Code § 2699]."  Cal. Lab. Code § 2699(*l*)(2).  Federal

8  District Courts often review PAGA settlements for approval.  E.g. Eisenacher v. Vitas Hospice

9  Servs., 2021 U.S. Dist. LEXIS 65065 (N.D. Cal. Apr. 2, 2021); Maciel v. Bar 20 Dairy, LLC,

10  2020 U.S. Dist. LEXIS 156961 (E.D. Cal. Aug. 28, 2020); Callahan v. Brookdale Senior Living

11  Communities, 2020 U.S. Dist. LEXIS 153378 (C.D. Cal. May 20, 2020); Hudson v. Libre Tech.

12  Inc., 2020 U.S. Dist. LEXIS 84576 (S.D. Cal. May 12, 2020).  However, there is no established

13  standard for evaluating PAGA settlements.  Mejia v. Walgreen Co., 2021 U.S. Dist. LEXIS

14  56150, *8 n.3 (E.D. Cal. Mar. 23, 2021); Eisenacher, 2021 U.S. Dist. LEXIS 65065 at *4; Maciel,

15  2020 U.S. Dist. LEXIS 156961 at * 13.

16        Here, despite the parties' stipulation, it does not appear to the Court that the PAGA claims

17  have been "settled" as that term is traditionally understood.  There is no payment provided for the

18  PAGA cause of action and there are no meaningful terms that address PAGA other than to dismiss

19  the cause of action without prejudice as to all potential claimants except Plaintiff.  What the

20  parties have addressed is merely Plaintiff's ability to recover based on her status as an aggrieved

21  employee, i.e. an individual capacity matter.  Therefore, it appears that what has happened is that

22  Plaintiff and Defendant have agreed to settle all of the numerous individual claims alleged or

23  potentially possessed by Plaintiff, and as a result, Plaintiff wants to completely end this case and

24  no longer act as California's proxy for the PAGA claim.  In other words, the stipulation is actually

25  a request that the Court utilize § 2699(*l*)(2) to permit Plaintiff to dismiss her PAGA cause of

26  action (without prejudice to all other potential PAGA claimants) in the absence of any recovery or

27  any substantive terms relating to PAGA and in light of the actual settlement of the remainder of

28  Plaintiff's individual claims.

1    There is nothing inappropriate about Plaintiff settling her non-PAGA individual claims.

2  Further, the Court is unaware of any requirement that an unwilling Plaintiff continue to maintain a

3  PAGA claim or of any prohibition against a party simply dismissing lawsuits that include PAGA

4  claims pursuant to Rule 41(a) in the absence of a settlement that substantively addresses a PAGA

5  cause of action.  Nevertheless, the parties' stipulation cites no relevant case law in which a court

6  has indicated that it is required to view the settlement of all private claims and the essential

7  abandonment of a PAGA claim without any recovery as a "PAGA settlement" for purposes of §

8  2699(*l*)(2).  Cf. Reyes-Aguilar v. Wells Fargo Bank, N.A., 2020 U.S. Dist. LEXIS 199973, *2 n.1

9  (finding that approval of a settlement under § 2699(*l*)(2) was unnecessary where the plaintiff had

10  stipulated that she had no valid PAGA claim).  In the absence of authority and additional

11  explanation/information from the parties, the Court will not grant the parties' stipulated request to

12  approve the settlement.  Simply put, it does not appear that there is actually a settlement of a

13  PAGA cause of action as envisioned by § 2699(*l*)(2); there is merely the settlement of all potential

14  individual capacity claims and a desire to dismiss the entire case.

15

16                                              **ORDER**

17       Accordingly, IT IS HEREBY ORDERED that:

18  1.    The parties' stipulated request for approval of a purported PAGA settlement (Doc. No. 17)

19        is DENIED without prejudice;

20  2.    The parties may file an additional stipulated request for approval of a settlement that is

21        supported by relevant authority and that addresses the Court's concerns as expressed

22        above.[1]

23

24  IT IS SO ORDERED.

25  Dated:   May 5, 2021                    _____
                                                    SENIOR  DISTRICT  JUDGE

26

27

28  ---
    [1] If this case has truly settled, and if a Rule 41(a) dismissal appears appropriate, the parties remain free to file a
    stipulation for dismissal under Rule 41(a).

                                                3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28